LASIEWICKI *v.* TUSCO PRODUCTS COMPANY.

1. WORKMEN'S COMPENSATION—PREMISES OF EMPLOYER—PARKING AREA IN STREET.

  The area, owned by city, situated between the employer's building and the paved portion of the street, upon which defendant employer caused snow to be removed and which was used by employees for parking their cars, constituted *premises* of the employer as used in amendment of workmen's compensation act whereby an employee is presumed to be in the course of his employment while "going to or from his work while on the premises where his work is to be performed" (CL 1948, § 412.1, as amended by PA 1954, No 175).

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation § 221.
  Workmen's compensation: injuries while entering or leaving place of employment, as arising out of, and in the course of the employment. 82 ALR 1043.
[2] 58 Am Jur, Workmen's Compensation §§ 530–532.

2. SAME—LOCATION OF PLACE OF INJURY—FINDING OF FACT—EVI-
DENCE.

Finding of fact by hearing referee and workmen's compensation
appeal board, that plaintiff's injury was sustained while pres-
ent on unpaved portion of street which was cleared of snow
by defendant company and used by employees for parking
their cars, is not disturbed by Supreme Court, where there is
ample evidence to support the finding (CL 1948, § 413.12).

3. SAME—PREMISES OF EMPLOYER.

Property used and maintained by the employer in such a state
of proximity to the place of employment as may be treated
as a reasonable margin in point of space constitute *premises*
of the employer within the meaning of provision of the work-
men's compensation act whereby a presumption is raised that
an employee shall be presumed to be in the course of his
employment where "going to or from his work while on the
premises where his work is to be performed" (CL 1948, § 412.1,
as amended by PA 1954, No 175).

Appeal from Workmen's Compensation Appeal
Board. Submitted January 9, 1963. (Calendar No.
12, Docket No. 49,832.) Decided December 27, 1963.

Sophia Lasiewicki presented her claim against
Tusco Products Company, employer, and the Aetna
Casualty & Surety Company, insurer, for compensa-
tion following a fall on area used for parking of
automobiles. Award to plaintiff. Defendant ap-
peals. Affirmed.

*Donald E. Cline,* for plaintiff.

*O'Keefe, Braun, Kendrick & Finkbeiner (Russell
A. Schafer,* of counsel), for defendants.

SMITH, J. Defendant company and its insurer
appeal from a decision of the workmen's compensa-
tion appeal board which affirmed the decision of
the hearing referee granting compensation to plain-

tiff. The case is well stated in the opinion of the appeal board, as follows:

"Plaintiff was an employee of the defendant on or about December 29, 1959. The defendant's place of business is located in Cass City on the north side of Church street which runs in an east and west direction. Plaintiff reported for work that morning and parked her car, as did other employees, between the defendant's building and the paved edge of Church street. At noon the production line stopped and she left the building for the purpose of placing a cardboard on the windshield of her car to protect it from ice and at that time decided to go to Erla's Food Center located just to the east of the defendant's building. The area was extremely icy and slippery and while she was walking towards the food center she fell and sustained substantial injuries. The injury occurred while she was on her lunch hour and while she was going next door for an apple.

*"The question presented is whether or not plaintiff sustained an injury arising out of and in the course of her employment and on the premises where her work was to be performed within the meaning of section 1 of part 2 of the workmen's compensation act.* Both a question of law and a question of fact are involved. The law question concerns what is embraced by the language 'the premises where his work is to be performed.' The factual issue is a matter of where the plaintiff was when she fell. (Emphasis supplied.)

"The defendant utilized all of the property between its building and the paved portion of Church street. There was no sidewalk. It used and maintained this area for driveway and employee parking purposes. As 1 example, they plowed out and kept the area free from snow. The legal title to most of this property, including the place where the plaintiff fell no matter which testimony is accepted, was in the village of Cass City. However, it is our opinion that the use and maintenance of the property is the

important consideration and that inasmuch as the defendant consistently and regularly used and maintained this property as a part of its business that it is properly considered as a part of its premises within the scope of section 1 of part 2 of the act.

"The fact question is whether the plaintiff fell on these premises or on the paved portion of the highway, and there is an abundance of conflicting testimony. The 1 thing that impresses us most, after a careful reading of the testimony which is very confusing at times, is that the hearing referee was in far better position than we are to determine the place of the fall. We are satisfied that he reached the right conclusion and his award is affirmed with the modification that past due benefits draw interest at the rate of 5% per annum."

PA 1954, No 175, amended CL 1948, § 412.1, by adding thereto the following language whose construction is in question in this case:

"Every employee going to or from his work while on the premises where his work is to be performed, and within a reasonable time before and after his working hours, shall be presumed to be in the course of his employment." See CLS 1956, § 412.1 (Stat Ann 1960 Rev § 17.151).

This amendment has come under the scrutiny of this Court in the recent (1957) cases of *Dyer* v. *Sears, Roebuck & Company,* 350 Mich 92, and *Freiborg* v. *Chrysler Corporation,* 350 Mich 104. In the *Dyer Case,* the employee was on a personal mission during the noon lunch hour. She slipped and fell on stairs in the employer's building. It was held that she came within the provisions of the quoted amendment and was awarded compensation. In the *Freiborg Case,* the employee was injured in a parking lot provided by the employer for employees. In awarding compensation to the employee, this Court held that the parking lot constituted "premises

where his work is to be performed", within the meaning of the amendment.

Speaking for the Court, at page 109 in *Freiborg,* Justice DETHMERS wrote:

"I am not impressed by defendant's argument that while plaintiff was on the parking lot he was not, in the language of the statute, 'on the premises where his work is to be performed.' Whether or not the parking lot was immediately adjacent to or a part of the same property on which the plant stood seems to me of no moment. The lot was in the proximity of and used as an adjunct to the plant in which plaintiff worked and it was furnished by defendant to plaintiff and his fellow employees for parking their automobiles as an incident to their employment in the plant. For the purposes of the amendment, it should be considered as part of the premises where plaintiff's work is to be performed."

Much argument in the instant case revolves around the question of whether the place where Mrs. Lasiewicki fell and was injured was part of the "premises" of her employer, Tusco Products Company. It is a fact without question that plaintiff, Mrs. Lasiewicki, fell on the public right-of-way. However, plaintiff and her witness say she fell on the unpaved portion of the right-of-way used and maintained by the employer as a parking lot for employees. Defendants' witnesses testified that plaintiff fell on that portion of the right-of-way paved and used as Church street in Cass City. Much of the testimony at the hearing was given by pointing to objects and distances on photographic exhibits received in evidence. For that reason, the hearing referee was in an especially good position to determine the fact question of where plaintiff fell. He found that the injury occurred on Tusco's "premises." The appeal board affirmed this finding, enunciating clearly that the injury occurred not on the paved portion of the right-of-way, but

on the unpaved portion. There is ample evidence to support the finding and therefore, it is not disturbed on review.* So much for the location of the place of injury.

The question remains, however, whether the place where the injury occurred was part of the employer's premises within the meaning of the amendment quoted above. The testimony is clear that the unpaved portion of the right-of-way was used for parking cars by employees up to within "6 or 8 inches" of the paved portion. It is also clear that the employer regularly hired a person to remove snow from the unpaved portion of the right-of-way. Questions were asked of the employer's maintenance foreman:

"*Q.* So the Tusco people themselves then maintain this area, the driveway?

"*A.* Yes, sir.

"*Q.* Where does that snow come from?

"*A.* From the driveway.

"*Q.* Was this parked, where the white Chevrolet is parked, was that plowed out too?

"*A.* Yes, sir, pushed up against the pole.

"*Q.* Who plowed that?

"*A.* Same man, I believe.

"*Q.* That was under the supervision and instruction of Tusco Products?

"*A.* Yes, I imagine so.

"*Q.* Incidentally, they maintain all of that area up and down in front of this plant right to the edge of the pavement, do they not?

"*A.* I believe so, sir."

Long prior to the clarifying amendment of 1954, quoted above, when this, and other courts, had the responsibility of construing what the language "arising out of and in the course of employment"

---

* See CL 1948, § 413.12 (Stat Ann 1960 Rev § 17.186).—Reporter.

meant in relation to place of injury, this Court stated an important principle in the 1914 case of *Hills* v. *Blair,* 182 Mich 20, 27 (7 NCCA 409):

"In applying the general rule that the period of going to and returning from work is not covered by the act, it is held that the employment is not limited by the exact time when the workman reaches the scene of his labor and begins it, nor when he ceases, but includes a reasonable time, space, and opportunity before and after, while he is at or near his place of employment. One of the tests sometimes applied is whether the workman is still on the premises of his employer. This, while often a helpful consideration, is by no means conclusive. *A workman might be on the premises of another than his employer, or in a public place, and yet be so close to the scene of his labor, within its zone, environments, and hazards, as to be in effect at the place and under the protection of the act.*" (Emphasis supplied.)

Quoted in *Hills* v. *Blair, supra,* as authority for the proposition above stated, is 1 of the earlier authorities from English compensation law, a progenitor of the Michigan statute. In *Hoskins* v. *Lancaster,* 3 BWCC 476, 480, it was held (26 TLR 612):

"It is not a sufficient test that the workman should be on the premises of the employer; but it may be sufficient that he is in such a state of proximity as may be treated as a reasonable margin in point of space."

Based upon reason and authority, therefore, we conclude that inasmuch as plaintiff was on property used and maintained by her employer in a state of proximity as may be treated as a reasonable margin in point of space, she was on the premises of her employer, within meaning of the statute as amended.

Consequently, based upon the proofs, her injury arose out of and in the course of her employment. Affirmed. Costs to appellee.

DETHMERS, KELLY, KAVANAGH, SOURIS, and O'HARA, JJ., concurred with SMITH, J.

BLACK, J., concurred in result.

CARR, C. J., did not sit.