### JEAN v. CHRYSLER CORPORATION.

1. WORKMEN'S COMPENSATION—PASSAGE BETWEEN PARTS OF EMPLOYER'S PREMISES—PUBLIC ROAD—PRESUMPTIONS.

Mere act of crossing a public road between employer's building, in which decedent employee had finished his usual duties and punched a time clock, and parking lot which employer had leased for employees' use *held*, not to have removed employee from the basic protection of the provision of the workmen's compensation act that an employee should "be presumed to be in the course of his employment" while "going to or from his work while on the premises where his work is to be performed and within a reasonable time before and after his working hours" (CL 1948, § 412.1, as amended by PA 1954, No 175).

2. SAME—PASSAGE OVER PUBLIC ROAD TO PARKING LOT—PERSONAL ERRAND.

Passage across a public road situated between building where decedent employee worked in order to reach parking lot, leased by employer for use of employees, which use was an adjunct of the employment, may not be said to be a personal errand precluding recovery of workmen's compensation (CL 1948, § 412.1, as amended by PA 1954, No 175).

3. SAME—ADJUNCT OF EMPLOYMENT—PARKING LOT ACROSS PUBLIC ROAD.

Reaching the employee parking lot after completion of day's work in the plant with no unwarranted lapse of time was a necessary adjunct of decedent employee's employment, hence, his dependents were entitled to workmen's compensation benefits for death from fatal injuries received while crossing public road en route to parking lot leased by employer for use of employees (CL 1948, § 412.1, as amended by PA 1954, No 175).

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 58 Am Jur, Workmen's Compensation §§ 217, 221, 226.
[2] 58 Am Jur, Workmen's Compensation § 240.
Workmen's compensation: deviation on personal errand as affecting question whether injury to employee on street or highway arose out of and in the course of employment. 76 ALR 356.

4. ACTION—CONJECTURAL POSTURE.
    Recovery in a proper case should not be suppressed because of conjectural posture which may never arise and which, if it does, will be decided in the light of then-existing law.

Appeal from Workmen's Compensation Appeal Board. Submitted Division 1 February 9, 1966, at Detroit. (Docket No. 528.) Decided March 22, 1966.

Hazel B. Jean, widow of Aaron Jean, presented her claim for workmen's compensation against Chrysler Corporation for injuries to her deceased husband sustained leaving defendant's plant. Workmen's compensation appeal board upheld referee's grant of compensation. Defendant appeals. Affirmed.

*Goodman, Crockett, Eden, Robb & Philo* (*Morton A. Eden* and *George W. Crockett III,* of counsel), for plaintiff.

*Lacey & Jones* (*William J. Jones,* of counsel), for defendant.

FITZGERALD, J. Aaron Jean was an hourly-rated employee of the Chrysler Corporation working the second shift from 2:30 p.m. to midnight. On January 2, 1962, he finished his usual duties at midnight, punched the time clock and left the building. The west side of the building was adjacent to Mound road in the city of Detroit, and it is necessary to cross Mound road to reach the area leased by Chrysler and designated for employee parking. Mr. Jean proceeded through the plant gate, across the sidewalk, and started to cross Mound road at an angle which would place him at the entrance to the parking area. Halfway across the west lane he was struck by an

automobile, sustaining injuries which resulted in his death. The driver of the automobile was not an employee of Chrysler Corporation.

The workmen's compensation appeal board entered an order on January 21, 1965, holding that the deceased's fatal injuries arose "out of" and in the "course of" his employment and awarded compensation to his dependents, a wife and two children. Defendant Chrysler Corporation appeals, contending that the board erred in its findings.

It is obvious from the foregoing that the basic question before us, just as before the appeal board, is this: Did the deceased's injuries which occurred in a public street while he was passing from one property controlled by his employer to another property controlled by his employer, come within the purview of the workmen's compensation act?

Narrowing the question down even further, we are in effect being asked to rule whether the deceased was still "on the premises" of his employer though he was struck in the middle of a public highway.

Once again we are required to sail through the uncharted shoals of statutory interpretation: a logical common-sense application on one side, reflecting legislative intent, versus the possibility of an unwarranted extension not contemplated in the statute's enactment.

The question before us is *res nova* in this State, a fact which in and of itself is intriguing when one considers that workmen's compensation legislation has been in effect since 1912 and that the amendment we find before us in this appeal has been in effect since 1954.

Defendant cites cases which stand for the broad proposition that an employee sustaining injuries at a place other than where his duties are directly per-

formed does not come under the benefits of the act. These cases stand further for the proposition that the test of whether an injury arises out of and in the course of employment largely revolves around whether the employee was performing a service or duty owed his employer or whether he had further work or duties to perform for his employer on the day of the injury. *Pearce* v. *Michigan Home & Training School* (1925), 231 Mich 536; *Appleford* v. *Kimmel* (1941), 297 Mich 8; *Daniel* v. *Murray Corporation of America* (1949), 326 Mich 1; and *Stornant* v. *Licari-Packard Grosse Pointe, Inc.* (1952), 332 Mich 210.

Had our specific fact situation arisen only a few short years ago, there is scarce doubt that this appeal might not be before us and these cases standing alone might deny an award in this case. That they represented proper judicial interpretation of the act at the time is not questioned, but it is to be noted that all of them were decided prior to PA 1954, No 175,[1] amending the workmen's compensation act by adding the following language:

"Every employee going to or from his work while on the premises where his work is to be performed and within a reasonable time before and after his working hours, shall be presumed to be in the course of his employment."

A direct confrontation between our fact situation and the language, *supra,* liberally sprinkled with logic and common sense, brings us to a conclusion which seems inescapable: that the mere act of crossing a public road from employer's premises to employer's premises and being injured while on that road does not remove the deceased from the basic protection which the legislature intended by the act and its 1954 amendment. An incidental departure

---

[1] CLS 1961, § 412.1 (Stat Ann 1960 Rev § 17.151).

from the premises does not rebut the amendment's presumption. That the employer owes, so to speak, a duty of "safe passage" to an employee to the point where he can reach the proper arrival or departure from his work seems without question.

The parking lot the deceased was headed for had been leased by his employer and had been offered to him as a part of his employment. Indeed, the parking lot and its attendant use were a necessary adjunct of his employment and under no circumstance could travel to and from it be called a personal errand. The employer realized full well that the parking lot was separated from the main plant by a main-traveled thoroughfare and it was defendant who secured this parking lot, not the employees.

The instant facets of the workmen's compensation act have been the subject of a logical progression of judicial interpretation over the years, more specifically in *Dyer* v. *Sears Roebuck & Company* (1957), 350 Mich 92, and *Lasiewicki* v. *Tusco Products Company* (1963), 372 Mich 125. While there are fundamental differences between those cases and the one before us, we see no startling extension of interpretation of the act in saying that the employee who leaves work and within a reasonable time is injured in reaching other premises maintained by his employer as an adjunct of the employment is covered by the act. It was in *Lasiewicki* in which the following statement was made, pointing inexorably to the proper decision of this case (pp 130, 131):

"Long prior to the clarifying amendment of 1954, quoted above, when this, and other courts, had the responsibility of construing what the language 'arising out of and in the course of employment' meant in relation to place of injury, this Court stated an important principle in the 1914 case of *Hills* v. *Blair*, 182 Mich 20, 27 (7 NCCA 409):

" 'In applying the general rule that the period of going to and returning from work is not covered by the act, it is held that the employment is not limited by the exact time when the workman reaches the scene of his labor and begins it, nor when he ceases, but includes a reasonable time, space, and opportunity before and after, while he is at or near his place of employment. One of the tests sometimes applied is whether the workman is still on the premises of his employer. This, while often a helpful consideration, is by no means conclusive. *A workman might be on the premises of another than his employer, or in a public place, and yet be so close to the scene of his labor, within its zone, environments, and hazards, as to be in effect at the place and under the protection of the act.'* " (Emphasis in original.)

With a guideline like this, we deem it unnecessary to go into the case law of other States where a considerable body of litigation has developed in which the instant problem has been considered and decided, we believe, rightly. Our own jurisprudence is vigorous enough to support the decision of the appeal board without extrinsic aid, though we are impressed by this passage from *Bountiful Brick Co.* v. *Giles* (1927), 276 US 154, 158 (48 S Ct 221, 72 L ed 507) in which it was said:

"If the employee be injured while passing with the express or implied consent of the employer, to or from his work by a way over the employer's premises or over those of another in such proximity and relation as to be in practical effect a part of the employer's premises the injury is one arising out of and in the course of employment as much as though it had happened while the employee was engaged in his work at the place of its performance."

The converse of the problem before us arose in *Manni* v. *Hastings Manufacturing Co.* (1958),

WCABO 502, a case which, though of no precedential value to an appellate court, contains in its opinion a persuasive passage regarding an employee injured as the result of a fall on a public sidewalk separating the employer's plant from its parking lot. The board there said:

"The only possible way she could proceed from the parking lot to her assigned post for the balance of her day's duties was to cross a public-way. Such facts then give rise to the question: After the course of the employment had begun for the day are we then to interpret Act No 175 so as to grant workmen's compensation benefits as if they were dispensed from a faucet that can be turned on and off as the employee proceeds through the routine of duties required of his employment as the day progresses? We do not believe the word 'premises' should be interpreted so as to control the ebb and flow of workmen's compensation benefits. We hold that plaintiff was in the course of her employment when the injury occurred. By reason of her employment plaintiff was passing along the sidewalk at the time of the accident and the hazard of its icy condition was incidental thereto. We hold her injury arose out of her employment."

This logic can apply with equal force to the case before us. Reaching the employee parking lot after his day's work with no unwarranted lapse of time was a necessary adjunct of the deceased's employment.

To let the employer now turn its back and say that crossing the highway was a risk which the deceased assumed by coming to work for it is to return to an era where human lives and suffering were considered a raw material of production, just as a ton of steel might be considered today.

We feel that the emphasized portion of *Hills* v. *Blair, supra,* while it may have been dictum in its

day (1914), is the law today and the only proper viewpoint which may be applied by virtue of the clear legislative intent of the 1954 amendment.

*Helmic* v. *Paine* (1963), 369 Mich 114, a tort case urged by defendant as having significance to this decision, really settles nothing of instant import when read in the light of this case. There, consideration in depth is given to whether both litigants were "in the same employ," a factor not present here. Further, *Helmic* remands for trial with the language (p 120): "The question of where the accident happened has not been decided."

Defendant in its brief states an ingenious hypothetical situation as a counter to the decision of the appeal board: assume two employees had left the actual premises of the employer and were crossing the public highway. Assume further that one of these employees was going to catch a bus on the corner of the highway, the other was going to a parking lot on the far side of the street. The parking lot was owned by the employer. Assume further that both employees were struck by the same automobile and both injured. Can it be said that under these circumstances that employee A, the one who was catching the bus, suffered a noncompensable injury while employee B, who was going to the parking lot to get his car, suffered a compensable one?

We could, of course, say "this is not the case before us" and utilize the old saw, "that which is not before us we do not decide." Instead, we prefer to utilize the considerably older saw: "Sufficient unto the day is the evil thereof,"[2] appending, however, this admonition: no statute is static; it must remain constantly viable to meet new challenges placed to it. Recovery in a proper case should not be

---

[2] Matthew 6:34.

suppressed because of conjectural posture which may never arise and which, if it does, will be decided in the light of then-existing law.

Involuntary exposure to a twice-daily street hazard, incidental to his employment, was a part of the job of Aaron Jean and is considered a part of his employment as properly as if he had been injured or killed in the direct course of performing his work. To paraphrase a term used in *Dyer, supra,* we say that we do not wish to fashion and affix another "tort-shaped barnacle" to the hull of workmen's compensation.

Affirmed. Costs to appellees.

J. H. GILLIS, P. J., and WATTS, J., concurred.