TEDFORD v STOUFFER'S NORTHLAND INN

Docket No. 50455. Submitted October 20, 1980, at Detroit.—Decided May 20, 1981. Leave to appeal applied for.

Mary Tedford, an employee of Stouffer's Northland Inn, fell and injured herself while on her way to work. She was not on her employer's premises at the time of her accident but she was taking the most direct route to her job. The injury required surgery and continuing medical treatment and Mrs. Tedford is no longer able to work. Mrs. Tedford applied for workers' disability compensation benefits but her claim was denied, the administrative law judge finding that her injury did not arise out of and in the course of her employment. The Workers' Compensation Appeal Board reversed the decision of the administrative law judge and the Court of Appeals denied Stouffer's leave to appeal on October 15, 1979 (Docket No. 45128, unreported). Stouffer's then sought leave to appeal to the Supreme Court. The Supreme Court, in lieu of granting leave to appeal, remanded the case to the Court of Appeals for consideration as on leave granted, 408 Mich 854 (1980). *Held:*

Compensation under the Worker's Disability Compensation Act is limited to employees receiving personal injury arising out of and in the course of their employment. While this rule is ameliorated by the coming-and-going provision of the act, which states that every employee going to or from his work while on the premises where his work is to be performed, and within a reasonable time before and after his working hours, shall be presumed to be in the course of his employment, there is no claim that Stouffer's owned, leased or maintained the area where Mrs. Tedford was injured. Stouffer's had no control over the route Mrs. Tedford chose and the injury did not take place while Mrs. Tedford traversed between two separate areas under

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 81 Am Jur 2d, Workmen's Compensation § 4.
    82 Am Jur 2d, Workmen's Compensation §§ 241-243.
[2, 4] 82 Am Jur 2d, Workmen's Compensation §§ 241-243, 255 *et seq.*
[3] 82 Am Jur 2d, Workmen's Compensation § 255 *et seq.*
[5] 82 Am Jur 2d, Workmen's Compensation §§ 246, 255.
[6] 81 Am Jur 2d, Workmen's Compensation § 27 *et seq.*

Stouffer's control. Off-premises injuries should only be compensated when they occur in circumstances which logically justify an expansion of the premises concept; they should not be compensated merely because the employee is in the process of arriving at the workplace by travelling his or her usual, customary and direct route. Mrs. Tedford's injury did not arise out of and in the course of her employment and there is no logical justification for expanding the premises concept to this situation.

Reversed.

1. WORKERS' COMPENSATION — STATUTES.

Entitlement to compensation benefits under the Worker's Disability Compensation Act is limited to employees receiving personal injury arising out of and in the course of their employment (MCL 418.301[1]; MSA 17.237[301][1]).

2. WORKERS' COMPENSATION — COURSE OF EMPLOYMENT — STATUTES.

There is a presumption that an employee who is on the premises where his work is to be performed and who is going to or from his work within a reasonable time before or after his working hours is within the course of his employment (MCL 418.301[2]; MSA 17.237[301][2]).

3. WORKERS' COMPENSATION — PREMISES RULE — STATUTES.

The special doctrine that accounts for extension of the premises rule of the Worker's Disability Compensation Act is the principle that travel between two parts of an employer's premises is compensable (MCL 418.301[2]; MSA 17.237[301][2]).

4. WORKERS' COMPENSATION — COMING-AND-GOING RULE — OFF-PREMISES INJURIES — STATUTES.

The statutory coming-and-going rule of the Worker's Disability Compensation Act is an exception to the basic requirement that compensable injuries must arise out of and in the course of the employment; off-premises injuries should only be compensated when the rule is satisfied or where the injury occurs in circumstances which logically justify an expansion of the premises concept (MCL 418.301[2]; MSA 17.237[301][2]).

5. WORKERS' COMPENSATION — OFF-PREMISES INJURIES.

Off-premises injuries need not be compensated merely because an employee was in the process of arriving at the workplace by travelling his or her usual, customary and direct route when injured.

6. WORKERS' COMPENSATION — JUDICIAL CONSTRUCTION.

The policy that the Worker's Disability Compensation Act is to be interpreted in a liberal and humanitarian manner does not call for a construction that is judicially and administratively unmanageable or which calls for compensation far beyond that envisioned by the Legislature.

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Jeffrey N. Shillman),* for plaintiff.

*George E. Ganos,* for defendants.

Before: DANHOF, C.J., and M. J. KELLY and D. L. SULLIVAN,* JJ.

D. L. SULLIVAN, J. This matter comes before us pursuant to an order of the Supreme Court remanding the case to this Court in lieu of leave to appeal, 408 Mich 854 (1980).

Defendant employer and its insurance carrier appeal from the decision of the Workers' Compensation Appeal Board awarding compensation to plaintiff for a slip and fall injury occurring in a parking lot between the employer's premises and a public bus stop.

On October 25, 1970, plaintiff, Mary Tedford, was employed as a maid for Stouffer's Northland Inn. At about 6 a.m. that day, she had just gotten off a bus and was walking across a large parking lot toward the hotel. On the way, she fell on some broken bricks near a drive-in bank. Although the parking lot was not a part of the employer's premises, and sidewalks were available, the route through the parking lot provided the shortest distance to the hotel. The fall necessitated an operation on and continuing medical treatment of

* Circuit judge, sitting on the Court of Appeals by assignment.

her right ankle. Mrs. Tedford is in pain when she walks and is no longer able to work.

On October 29, 1976, an administrative law judge denied compensation, holding that plaintiff's injury did not arise out of and in the course of her employment. The WCAB reversed on April 19, 1979. On October 15, 1979, a panel of this Court denied leave to appeal. On March 6, 1980, the Supreme Court reversed that decision and remanded the case to the Court of Appeals in lieu of leave to appeal.

Appellants raise several issues on appeal. However, our conclusion that plaintiff's injury did not arise out of and in the course of her employment is dispositive of the case.

Compensation under the Worker's Disability Compensation Act is limited to employees receiving "personal injury arising out of and in the course of" their employment. MCL 418.301(1); MSA 17.237(301)(1). This rule is ameliorated by the "coming-and-going" provision of MCL 418.301(2); MSA 17.237(301)(2), which states:

> "Every employee going to or from his work while on the premises where his work is to be performed, and within a reasonable time before and after his working hours, shall be presumed to be in the course of his employment."

The subsection was added to the act by 1954 PA 175.

Literally applied, the statute requires that the injury occur on the employer's premises. However, the meaning of the work "premises" as a limitation has gradually been eroded by case law. In interpreting the coming-and-going rule below, the WCAB relied on *Lasiewicki v Tusco Products Co,* 372 Mich 125; 125 NW2d 479 (1963), and *Fischer v*

*Lincoln Tool & Die Co,* 37 Mich App 198; 194 NW2d 476 (1971).

In *Lasiewicki,* the plaintiff was injured after slipping and falling on ice in a parking area used by employees. The area was publicly owned, lying between the street and the employer's building, but it was maintained by the employer. In affirming an award of compensation, the Court held that inasmuch as the area was used and maintained by the employer, it constituted "premises" within the meaning of the statute. *Id.,* 130-131. The Court relied on *Hills v Blair,* 182 Mich 20, 27; 148 NW 243 (1914):

" 'In applying the general rule that the period of going to and returning from work is not covered by the act, it is held that the employment is not limited by the exact time when the workman reaches the scene of his labor and begins it, nor when he ceases, but includes a reasonable time, space, and opportunity before and after, while he is at or near his place of employment. One of the tests sometimes applied is whether the workman is still on the premises of his employer. This, while often a helpful consideration, is by no means conclusive. *A workman might be on the premises of another than his employer, or in a public place, and yet be so close to the scene of his labor, within its zone, environments, and hazards, as to be in effect at the place and under the protection of the act.'* (Emphasis supplied.)" *Lasiewicki, supra,* 131.

*Hills v Blair* was decided well before the 1954 amendment. Although the language of the opinion refused to consider the premises test as conclusive, it was viewed as a relevant factor. Interestingly, the case denied compensation to the widow of a worker who was killed while on his employer's premises, a train line running from his workplace. The worker had left the sphere of his employment

and was on his way home for lunch. The Court relied on the fact that the decedent was not under the employer's direction or control when the accident took place, and, in fact, could have proceeded home by a safer route. *Id.,* 28-29.

The "zones, environments and hazards" principle was also utilized in *Fischer, supra.* In *Fischer,* we affirmed an award of compensation to an employee injured on an icy sidewalk adjacent to his place of employment. The injury occurred after the employee had parked his car on the street on his way to work. The employer provided no alternative parking area. The Court considered *Lasiewicki* and determined the sidewalk to be part of the employer's premises. *Id.,* 202. The opinion went on to state:

"From the above, we can conclude that an employee is protected by the act when he is within said 'zone, environments, and hazards', while arriving at, departing from, or during the time of his employment by travelling his usual, customary and direct route." *Id.,* 203.

In the instant case, the WCAB applied the "zones, environments and hazards" test in determining that plaintiff was on the hotel's premises, noting that she was travelling her usual, customary and direct route from the bus stop to her place of employment. 1979 WCABO 967, 971.

Other cases have extended the premises rule to parking lots and adjacent areas. In *Jean v Chrysler Corp,* 2 Mich App 564; 140 NW2d 756 (1966), compensation was awarded to the widow of an employee killed while crossing a public highway between his employer's parking lot and his place of work. The case is representative of the increas-

ingly liberal interpretation given to the premises rule.

"Defendant in its brief states an ingenious hypothetical situation as a counter to the decision of the appeal board: assume two employees had left the actual premises of the employer and were crossing the public highway. Assume further that one of these employees was going to catch a bus on the corner of the highway, the other was going to a parking lot on the far side of the street. The parking lot was owned by the employer. Assume further that both employees were struck by the same automobile and both injured. Can it be said that under these circumstances that employee A, the one who was catching the bus, suffered a noncompensable injury while employee B, who was going to the parking lot go get his car, suffered a compensable one?

"We could, of course, say 'this is not the case before us' and utilize the old saw, 'that which is not before us we do not decide.' Instead, we prefer to utilize the considerably older saw: 'Sufficient unto the day is the evil thereof,' appending, however, this admonition: no statute is static; it must remain constantly viable to meet new challenges placed to it. Recovery in a proper case should not be suppressed because of conjectural posture which may never arise and which, if it does, will be decided in the light of then-existing law." (Footnote omitted.) *Id.,* 571-572.

See also *Adair v Metropolitan Building Co,* 38 Mich App 393; 196 NW2d 335 (1972).

Plaintiff seeks a further relaxation of the premises limitation. The present situation is otherwise distinguishable from the earlier cases. There is no claim here that defendant owned, leased or maintained the parking lot where the injury took place. Defendant had no control over the route Mrs. Tedford walked from the bus stop or, for that matter, over where the bus stop itself was located. The injury did not take place while Mrs. Tedford

traversed between two separate areas under the hotel's control.

Plaintiff argues that *Fischer* is controlling. The claimant in *Fischer* was injured on a public sidewalk while walking to work after parking his car on a public street. The employer had no control or authority over the street or sidewalk. The Court compared the situation with that in *Jean, supra,* and concluded that it would be poor public policy to hold liable an employer who provides an employee parking lot while relieving from liability a less concerned employer. *Fischer, supra,* 202-203.

Here, plaintiff walked from a public bus stop instead of from an automobile parked on a nearby public street. Plaintiff contends that it would be inconsistent to favor employees who drive to work over those who utilize public transportation. However, the *Fischer* decision was premised on the fact that the defendant expected its employees to park on the public street. No similar expectation is evident in this case. Although plaintiff's analogy is not unreasonable, the present situation is distinguishable. Furthermore, we are convinced that the manner in which plaintiff seeks to extend coverage should be avoided by this Court.

Plaintiff ignores the fact that the premises rule is in the nature of a limitation. Undoubtedly, "[a] line must be drawn at some point". *McClure v General Motors Corp (On Rehearing),* 408 Mich 191, 226; 289 NW2d 631 (1980) (LEVIN, J., concurring). To the extent we bootstrap successive factual situations onto one another under the guise of liberally interpreting the compensation statute, we avoid such line drawing to the detriment of the sound and efficient administration of the compensation apparatus. Indeed, the *Fischer* decision has been criticized for that very reason.

"The *Dinardo*[1] (New Jersey) and *Fischer* (Michigan) cases supply classical examples of the phenomenon * * * of making law by measuring only the distance to the last precedent while completely losing sight of the essential principle involved in the rule. Here we see the first step in the direction of the erosion of the premises rule by this treacherous technique of selecting some past expansion and then exclaiming over how unfair it is to draw a distinction between two situations that seem so much alike. Have the intermediate New Jersey and Michigan courts really thought through where this process will end? In *Dinardo,* the comparison is between walking to a parking lot and walking to public transportation. Now suppose claimant has parked his car in the public street six blocks from the school. Can walking to this parking space be distinguished from walking to a bus stop? Michigan, in *Fischer,* has already given an answer. Indeed, suppose claimant is not walking to a car or bus at all, but simply walking home. Assuming the distance is no greater than that to the bus stop, how can this claimant be denied compensation merely because he did not happen to need vehicular transportation? Next suppose that the walking distance is a little longer than that to public transportation—is the court going to draw some imaginary line and say that only the first six blocks are covered? If a seven-block case comes up, will the court have the audacity to issue a denial, when only one b[l]ock separates the two cases? Is Michigan going to distinguish between a sidewalk adjoining the employer's property and a sidewalk a block away, when this is the nearest street parking available? * * * In short, there is no stopping the process started by these decisions short of complete demolition of the premises rule, with all the impossible questions this brings in its wake. Every night millions of people will emerge from factory gates, office buildings, and school yards. Some will go straight home; some will go shopping; some will head for a tavern. Hundreds of them will be involved in accidents at varying distances from the premises and at varying degrees of deviation from the direct route home. Two things are certain: first, in the great majority of cases,

---

[1] *Dinardo v Newark Board of Education,* 118 NJ Super 536; 289 A2d 259 (1972).

no one will ever be able to prove whether the claimant was really going straight home at the time of the accident; and second, the source of the hazard will almost never be one distinctly associated with the employment, although here again by gradual extension of the 'arising' cases the court might well end by covering all traffic accidents, falls on ice, and the like.

"The real flaw in these opinions is that they ignore the special doctrine that accounts for extension of the premises rule to the trip to parking lots. This is the principle that travel between two parts of the employer's premises is compensable. By establishing or sponsoring a parking lot not contiguous to the working premises, the employer has created the necessity for encountering the hazards lying between these two portions of the premises. No such considerations apply to a trip to some bus stop or railway terminal or to some parking location on a public street over which the employer has no conceivable control." 1 Larson, Workmen's Compensation Law, § 15.12, pp 4-8—4-10.

The implicit trend in this manner of decision-making is a steady dilution of the legislative limitations on compensation. The Supreme Court has specifically disapproved of such judicial "reform" of the compensation act. *McClure, supra,* 204. While the statutory coming-and-going rule does not directly limit coverage to on-premises injuries, *id.,* 222-223 (LEVIN, J., concurring), it must be remembered that the rule is an exception to the basic requirement that compensable injuries arise out of and in the course of the employment. Off-premises injuries should only be compensated when they satisfy that test or occur in circumstances which logically justify an expansion of the premises concept. In *Lasiewicki,* such an expansion was justified by the fact that the parking area, though publicly owned, was under the control of the employer. Likewise, in *Jean,* the employer *created* the necessity of traversing the highway by

providing a parking lot so separated from the workplace. Here the defendant did not designate or control the plaintiff's route to or from work.

We are not convinced that off-premises injuries should be compensated merely because the employee is in the process of arriving at the workplace by travelling his or her usual, customary and direct route. We do not believe that the "zones, environments and hazards" test of *Hills* and *Lasiewicki* was originally intended to permit such a result. In the present situation, defendant had no control over or responsibility for the route taken by plaintiff or the condition of the parking lot in question. There is no logical justification for expanding the premises concept to this situation.

We are not unaware of the long-standing policy that the compensation statute be interpreted in a liberal and humanitarian manner. See *e.g., Jolliff v American Advertising Distributors, Inc,* 49 Mich App 1; 211 NW2d 260 (1973), *lv den* 391 Mich 780 (1974). However, that policy does not call for a construction that is judicially and administratively unmanageable or which calls for compensation far beyond that envisioned by the Legislature.

Reversed.