## DENNY v KOSTADINOVSKI

Docket No. 49774. Submitted June 18, 1981, at Detroit.—Decided
    August 24, 1981.

Geraldine Denny was injured when she slipped and fell in an icy
public alleyway which ran behind her place of employment, the
East Detroit Bakery. The slip and fall occurred when she left
work by the rear door of the bakery for the day and was
walking to her home which was five houses away. Denny
sought workers' compensation disability benefits for the injury
from the owners of the bakery, Stojce and Bogdanka Kostadi-
novski. The referee found that Denny had sustained a disabling
injury arising out of and in the course of her employment. The
Workers' Compensation Appeal Board affirmed the referee's
award, holding that Denny was within the "zone, environ-
ments, and hazards" of her employment and was on the thresh-
old of her trip home rather than the journey proper and,
accordingly, was within the scope of the provisions of the
Worker's Disability Compensation Act. The Kostadinovskis ap-
peal by leave granted. *Held:*

The "zone, environments, and hazards" test does not provide
a "launching pad" around an employer's property within which
an employee is protected under the Worker's Disability Com-
pensation Act while traveling home, rather that test applies
only where the employee is in or on the way to a parking area
designated by the employer. Since Denny was not traversing
between the bakery and an area owned, maintained, or other-
wise under the control of the Kostadinovskis, her injury in the
public alleyway as she left work was not an injury arising out
of and in the course of her employment.

Reversed.

WORKERS' COMPENSATION — OFF-PREMISES INJURIES.

An injury resulting from a slip and fall in a public alleyway
adjacent to an employer's place of business by an employee as
she left work for the day is not compensable under the Work-
er's Disability Compensation Act where the alleyway is neither

REFERENCE FOR POINTS IN HEADNOTE
82 Am Jur 2d, Workmen's Compensation § 246.

being used to traverse between areas owned by the employer nor maintained or otherwise under the control of the employer (MCL 418.301[3]; MSA 17.237[301]).

*Bockoff & Zamler, P.C.,* for plaintiff.

*Thomas, Garvey & Garvey,* for defendants.

Before: V. J. BRENNAN, P.J., and N. J. KAUFMAN and E. E. BORRADAILE,* JJ.

PER CURIAM. Defendants appeal by leave granted from the decision of the Workers' Compensation Appeal Board awarding compensation for a slip and fall injury occurring in a public alleyway behind defendant's premises.

On December 4, 1972, plaintiff was employed as a cashier and sales clerk at defendants' bakery. She left work that day through the rear entrance of the establishment which led into the alley. Plaintiff lived about five houses away. The ground was covered with ice and snow, and plaintiff fell 10 or 20 feet from the bakery, fracturing her right leg.

In an opinion dated April 13, 1977, a workers' compensation referee held that plaintiff sustained a disabling personal injury arising out of and in the course of her employment. In affirming, the WCAB wrote:

"I find as fact that 10 feet from the door, or even the defense story of 20 feet from the door, is still within the bakery's 'zone, environments and hazards'. While plaintiff may not have been standing on the bakery's doorsill, she was on the threshold of her trip home and not on the journey proper, albeit short. The *Fischer [v Lincoln Tool & Die Co,* 37 Mich App 198; 194 NW2d 476 (1971)] Court observed that 'no parking facilities were

* Circuit judge, sitting on the Court of Appeals by assignment.

provided for employees and those who drove to work were expected to park upon the street.' 37 Mich App 198, 200. Similarly, although plaintiff walked home from work, her launching pad extended beyond said doorsill. According to Mrs. Kostadinovski, the alley is only two feet from the bakery's premises: * * *. It cannot be said that this separates the curtilage from the twilight zone and the hazard of the icy alley in the liberal interpretation of remedial legislation. 37 Mich App 198, 202."

On appeal, defendants contend that the board erred in its determination that plaintiff's injury arose out of and in the course of her employment. We agree and reverse.

MCL 418.301(2); MSA 17.237(301)(2)[1] provides:

"(2) Every employee going to or from his work while on the premises where his work is to be performed, and within a reasonable time before and after his working hours, shall be presumed to be in the course of his employment."

This "coming and going" provision was added by the 1954 amendment to the compensation statute. 1954 PA 175. While it acts to ameliorate the requirement that an injury arise out of and in the course of employment, it indicates that, as a general rule, an injury occurring while an employee is going to or returning from work must take place upon the employer's premises to be compensable. *Dyer v Sears, Roebuck & Co,* 350 Mich 92, 96; 85 NW2d 152 (1957), *Brink v J W Wells Lumber Co,* 229 Mich 35, 36; 201 NW 222 (1924).

This general rule is not without exceptions. For example, in *Jean v Chrysler Corp,* 2 Mich App 564; 140 NW2d 756 (1966), compensation was

[1] Amended by 1980 PA 357, effective January 1, 1982; see now MCL 418.301(3); MSA 17.237(301)(3).

awarded where an employee was killed while crossing a public highway between his employer's parking lot and factory. See, also, *Adair v Metropolitan Building Co,* 38 Mich App 393; 196 NW2d 335 (1972). Likewise, in *Lasiewicki v Tusco Products Co,* 372 Mich 125; 125 NW2d 479 (1963), a compensation award was affirmed where the employee was injured in a slip and fall in an employee parking area. Although the area was publicly owned, lying between the street and the employer's building, it was maintained by the employer and, therefore, was considered to be within the statutory term "premises". *Id.,* 130-131. The Court wrote, quoting *Hills v Blair,* 182 Mich 20, 27; 148 NW 243 (1914):

" 'In applying the general rule that the period of going to and returning from work is not covered by the act, it is held that the employment is not limited by the exact time when the workman reaches the scene of his labor and begins it, nor when he ceases, but includes a reasonable time, space, and opportunity before and after, while he is at or near his place of employment. One of the tests sometimes applied is whether the workman is still on the premises of his employer. This, while often a helpful consideration, is by no means conclusive. *A workman might be on the premises of another than his employer, or in a public place, and yet be so close to the scene of his labor, within its zone, environments, and hazards, as to be in effect at the place and under the protection of the act.' "* (Emphasis in *Lasiewicki.) Id.,* 131.

The "zone, environment, and hazards" test was also utilized in *Fischer v Lincoln Tool & Die Co,* 37 Mich App 198; 194 NW2d 476 (1971). In *Fischer,* the employee slipped and fell on an icy sidewalk between the employment premises and the street where he parked his car. Because the employer

provided no alternative parking and expected the workers to park along the public streets, the sidewalk area was determined to be a part of the premises. *Id.,* 202.[2]

Although a close question is involved, we believe the present situation is distinguishable from these exceptions to the premises rule. Plaintiff was not traversing between areas owned by defendants, nor was the alleyway maintained or otherwise under the control of defendants. The zone, environment, and hazards test does not provide for a "twilight zone", "threshold", or "launching pad" around an employer's property within which an employee is protected while traveling home. Rather, the test applies to particular situations where the employer has held out to employees designated parking areas and adjacent unowned property to be traveled over. This Court must avoid judicial reform of the legislative conditions to compensability. *McClure v General Motors Corp (On Rehearing),* 408 Mich 191, 204; 289 NW2d 631 (1980).

Application of these principles to the present situation mandates the conclusion that plaintiff's injuries did not occur in the course of her employment and were not compensable. The fall took place off the defendants' property while plaintiff was on her way home.

Reversed.

---

[2] For a criticism of the *Fischer* analysis, see *Tedford v Stouffer's Northland Inn,* 106 Mich App 493; 308 NW2d 254 (1981), 1 Larson, Workmen's Compensation Law, § 15.12, pp 4-8—4-10.