SIMKINS v GENERAL MOTORS CORPORATION (ON REMAND)

Docket No. 162042. Submitted November 1, 1994, at Lansing. Decided
January 18, 1995, at 9:10 A.M. Leave to appeal sought.

Elizabeth A. Simkins sought worker's disability compensation
benefits for injuries she suffered when she was struck by an
automobile as she crossed a public road that ran beside the
premises of her employer, General Motors Corporation. A
referee awarded benefits, finding that because the plaintiff was
crossing the road to begin her work day at the defendant's
plant, the injuries arose out of and in the course of her
employment. Valley Forge Insurance Company, the plaintiff's
no-fault insurer was permitted to intervene to assert a claim
for reimbursement of medical benefits it had paid on her
behalf. The Worker's Compensation Appeal Board affirmed by a
vote of two to one. The majority held that the injuries arose out
of the employment because, although the plaintiff was walking
from a parking lot that was not owned by the defendant, she
had driven her own vehicle to a parking lot owned by the
defendant and was driven by a fellow employee from that lot to
the lot not owned by the defendant because it was nearer to the
entrance they intended to use to enter the defendant's plant.
The dissenting member believed that under these circum-
stances the injuries did not arise out of the employment rela-
tionship within the meaning of § 301(1) of the Worker's Disabil-
ity Compensation Act, MCL 418.301(1); MSA 17.237(301)(1). The
Court of Appeals denied leave to appeal, but remanded to the
appeal board for consideration of the reimbursement issue. The
Supreme Court denied leave to appeal, 440 Mich 909 (1992),
but, on reconsideration, remanded the case to the Court of
Appeals for consideration as on leave granted. 442 Mich 851
(1993).

On remand, the Court of Appeals *held:*

1. Although injuries incurred while an employee is traveling
to or from a parking area owned, leased, or maintained by the
employer at the beginning or end of a work day are deemed to
be injuries incurred in the course of the employment relation-
ship and thus compensable under the Worker's Disability Com-
pensation Act, usually injuries that have occurred off the
employer's premises and are not associated with movement to

or from a parking area controlled by the employer have been held to be not compensable. Even though the plaintiff's injuries would have been compensable had she been crossing a public road from an employer-owned parking lot, they are not compensable where, as here, the parking lot was not employer-owned. The fact that she had parked her own vehicle in an employer-owned lot before leaving that lot in the vehicle of the fellow employee does not make this accident sufficiently related to her employment to justify the granting of worker's compensation benefits

2. Because the appeal board failed to address the reimbursement claim of the intervening no-fault insurer, the matter must be remanded to the Worker's Compensation Appellate Commission for consideration of that claim, if the no-fault insurer still wishes to pursue it.

Reversed and remanded.

*Hanba, Lazar & Ackerman, P.C.* (by *Michael D. Smith*), for the plaintiff.

*Groves, Decker & Wyatt* (by *Harvey R. Groves*), and *Braun Kendrick Finkbeiner* (by *Scott C. Strattard*), for General Motors Corporation.

*Warren C. Droomers,* for Valley Forge Insurance Company.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Angelita Espino,* Assistant Attorney General, for Second Injury Fund.

ON REMAND

Before: GRIBBS, P.J., and McDONALD and S. D. BORMAN,* JJ.

PER CURIAM. The Worker's Compensation Appeal Board affirmed an award of disability compensation benefits to plaintiff, Elizabeth A. Simkins, who was injured seriously in an automobile acci-

* Circuit judge, sitting on the Court of Appeals by assignment.

dent. This Court denied defendant's application for leave to appeal that decision; however, we remanded the case to the appeal board for consideration of Valley Forge Insurance Company's claim for reimbursement of medical and health care benefits it had paid. The Supreme Court denied leave to appeal, 440 Mich 909 (1992), but, on defendant's motion for reconsideration, remanded the case to this Court for consideration as on leave granted. 442 Mich 851 (1993).

The controversy was submitted to a worker's compensation magistrate on the following stipulated statement of facts, which we have edited slightly:

> Elizabeth A. Simkins is an employee of the Fisher Body Flint Plant of General Motors Corporation. She worked on the first shift, which started at 6:18 A.M.
>
> At some time before 6:00 A.M. on September 4, 1984, Mrs. Simkins drove her car to the Fisher Body Flint Plant and parked on the Fisher Body premises in the north parking lot. She left her car and, after an unknown period, got into the car of a fellow employee. They drove onto Saginaw Street, a public street bordering the east side of the Fisher Plant, headed south to Hemphill and turned right, or west, onto Hemphill. Hemphill is a public street bordering the Fisher Plant on the south side. It has four lanes, two each for westbound and eastbound traffic.
>
> The coemployee drove his car into a privately owned parking lot on the south side of Hemphill and parked. The lot was located almost directly across the street from the Plant Gate and about in the middle of the block. He and Mrs. Simkins alighted and, after paying the parking attendant, started across Hemphill to the Plant Gate at Post 11.
>
> At about 5:58 A.M., twenty minutes before her

shift was to start, Mrs. Simkins was struck by an automobile. At the moment that she was struck, Mrs. Simkins was going north across Hemphill and was in the eastbound inside lane near the double yellow center line.

Mrs. Simkins has been unable to perform her job since September 4, 1984.

Following the hearing, the referee awarded plaintiff disability compensation and medical and nursing care benefits, because he concluded that her injury arose out of and in the course of her employment under the "presumption" of MCL 418.301(3); MSA 17.237(301)(3) because

she had entered the "premises" when she entered the company-owned parking lot. The mere fact that she was given a ride to a closer, noncompany lot, did not remove her from the scope of her employment. The injury sustained when crossing the street to the plant gate is compensable.

On appeal, two members of the appeal board affirmed, concluding that

plaintiff's slight deviation in her route from one parking lot controlled by defendant to another not controlled by defendant, but directly across the street from the plant entrance kept plaintiff within the zone and environment and hazards of her employment.

The third member of the panel dissented on the ground that

leaving those premises to park in an undesignated private lot and to cross a street not shown to be under defendant's control or the protection against street traffic presumably provided by defendant's parking lot, placed plaintiff beyond the "zone, environment and hazards" of defendant's prem-

ises, thus depriving her of the presumption af-
forded by Section 301(3) of the Act.

We reluctantly agree with the dissenting mem-
ber of the appeal board. We have surveyed the
"going to work" parking lot decisions and can
reconcile them only on the point that those that
allowed benefits had at least some slight employer
connection to the employee's injury, which this
case lacks.

Cases allowing compensation for employees in-
jured while going to work involved travel from a
parking area owned, leased, or maintained by the
employer. *Lasiewicki v Tusco Products Co,* 372
Mich 125; 125 NW2d 479 (1963) (employer-main-
tained parking area); *Smith v Greenville Products
Co,* 185 Mich App 512; 462 NW2d 789 (1990)
(employer-provided parking); *Upton v General Mo-
tors Corp,* 124 Mich App 61; 333 NW2d 384 (1983)
(driveway of employer's plant); *Jean v Chrysler
Corp,* 2 Mich App 564; 140 NW2d 756 (1966)
(employer leased a designated parking area). Com-
pensation has been denied, however, when the
injury occurred off the employer's premises, in-
cluding private parking areas, in *Benenetau v
Detroit Free Press,* 117 Mich App 253; 323 NW2d
498 (1982); *Denny v Kostadinovski,* 117 Mich App
517; 342 NW2d 19 (1981); *Tedford v Stouffer's
Northland Inn,* 106 Mich App 493; 308 NW2d 254
(1981).

An anomaly from that line of cases is *Fischer v
Lincoln Tool & Die Co,* 37 Mich App 198; 194
NW2d 476 (1971), where the worker was injured
on a public sidewalk while walking to work after
parking his car on a public street. The employer
provided no employee parking. This Court affirmed
an award of compensation benefits under an inter-
pretation of the premises rule that "embraces the

liberal spirit previously accorded the workmen's compensation act." *Id.* at 204. *Fischer* has been criticized, however, for extending the premises rule too far, even threatening "demolition of the premises rule." 1 Larson, Workmen's Compensation Law, § 15.12(b), pp 4-12-4-16; see also *Tedford v Stouffer's Northland Inn, supra.* Of *Fischer* and a New Jersey case, *Dinardo v Newark Bd of Ed,* 118 NJ Super 536; 289 A2d 259 (1972), Larson, *supra* at pp 4-5-4-16, says:

> The real flaw in these opinions was that they ignored the special doctrine that accounts for extension of the premises rule to the trip to parking lots. This is the principle that travel between two parts of the employer's premises is compensable. By establishing or sponsoring a parking lot not contiguous to the working premises, the employer has created the necessity for encountering the hazards lying between these two portions of the premises. No such considerations apply to a trip to some bus stop or railway terminal or to some parking location on a public street over which the employer has no conceivable control.

In this case, there was no employer connection with plaintiff's accident. She was injured while crossing a public street from a private parking lot and was not yet on the employer's premises. We recognize that, had she been injured while crossing from the parking lot that the employer did provide, she would be entitled to compensation benefits under the case law, but, as Justice LEVIN recognized in a concurring opinion "a line must be drawn at some point." *McClure v General Motors Corp (On Rehearing),* 408 Mich 191, 226; 289 NW2d 631 (1980). The decisions we have analyzed draw the line at some employer connection other than the mere fact that the employee was travel-

ing to work but had not arrived yet on the employer's premises.

The appeal raises one other question. Valley Forge Insurance Company, plaintiff's no-fault automobile insurer, sought reimbursement from defendant of medical expenses that it had paid on Mrs. Simkins' behalf. The appeal board allowed Valley Forge to intervene, but the appeal board's majority opinion failed to address the request for reimbursement. The case is remanded to the Worker's Compensation Appellate Commission for determination of that issue if, in light of our reversal of the award, the issue remains one that the insurer wishes to or can now pursue.

The award of worker's disability compensation benefits is reversed, and the case is remanded to the appellate commission where Valley Forge may renew its petition for reimbursement.

Reversed and remanded.