BENETEAU v DETROIT FREE PRESS

Docket No. 56742. Submitted March 16, 1982, at Detroit.—Decided
May 27, 1982.

Marie T. Beneteau, an employee of the Detroit Free Press, was
injured when she slipped and fell while crossing the street from
an independent parking garage to her place of employment and
while allegedly carrying work materials. She claimed workers'
compensation benefits from the Free Press and Travelers Insur-
ance Company. The Workers' Compensation Appeal Board
found her to have been within the zone, environments and
hazards of her work at the time of her fall and awarded
benefits. It also held that extended wage benefits paid to her for
time she was absent due to her injury could not be set off
against workers' compensation benefits owed. The Free Press
and Travelers appealed by leave granted. *Held:*

1. The claimant was not within the zone, environments and
hazards of her work at the time of the fall.

2. Whether or not the dual purpose rule applies should first
be addressed by the Workers' Compensation Appeal Board.

3. Continuing wage benefits (sick pay) should not be set off
against workers' compensation benefits accrued.

Affirmed in part, reversed in part and remanded.

1. WORKERS' COMPENSATION — COMING-AND-GOING RULE — OFF-
PREMISES INJURIES.

The statutory coming-and-going rule of the Worker's Disability
Compensation Act is an exception to the basic requirement that
compensable injuries must arise out of and in the course of the
employment; off-premises injuries should only be compensated
when the rule is satisfied or where the injury occurs in circum-
stances which logically justify an expansion of the premises
concept (MCL 418.301[2]; MSA 17.237[301][2]).

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 82 Am Jur 2d, Workmen's Compensation §§ 246, 255.
[3] 82 Am Jur 2d, Workmen's Compensation § 366.

Workmen's Compensation: crediting employer or insurance carrier
with earnings of employee re-employed, or continued in employ-
ment, often injury. 84 ALR2d 1108.

2. Workers' Compensation — Off-Premises Injuries.

  Off-premises injuries need not be compensated merely because an
  employee was in the process of arriving at the workplace by
  traveling his or her usual, customary and direct route when
  injured.

3. Workers' Compensation — Set-Offs — Wage Continuation
     Benefits.

  The Worker's Disability Compensation Act precludes crediting
  wage continuation benefits paid to a claimant against workers'
  compensation benefits payable.

*Miller, Cohen, Martens & Sugarman, P.C.* (by
*Murray A. Corchow* and *Peter A. Caplan)*, for
plaintiff.

*Lacey & Jones* (by *Stephen Jay Schwartz)*, for
defendants.

Before: J. H. Gillis, P.J., and V. J. Brennan and
N. J. Lambros,* JJ.

Per Curiam. Plaintiff was employed by defen-
dant Detroit Free Press and worked at the Free
Press Building in downtown Detroit. On May 7,
1973, plaintiff drove to work at approximately 7
a.m. and parked her car at a parking garage
located on Cass and West Lafayette. The garage
was located diagonally across the street from the
Free Press Building. While walking across West
Lafayette Boulevard from the parking garage,
plaintiff slipped and fell. West Lafayette Boulevard
was the first street that plaintiff had attempted to
cross. Plaintiff claimed that at the time of her fall
she was carrying work materials that she had
taken home to work on. Plaintiff claimed that
because her arms were holding the materials, she
fell straight on her knees and sustained injuries.
Following the fall, plaintiff missed several periods

---

* Circuit judge, sitting on the Court of Appeals by assignment.

of work. During her absences, plaintiff received wage continuation benefits as part of her benefit package from the Free Press.

On December 18, 1974, plaintiff filed a petition for hearing with the Bureau of Workers' Compensation alleging a personal injury arising out of and in the course of her employment. Following a hearing, the administrative law judge found for the plaintiff and ordered defendants to pay compensation with credit granted for wage continuation payments. The Workers' Compensation Appeal Board (WCAB) affirmed the granting of compensation to plaintiff but concluded that defendants were not entitled to take credit for those payments made to plaintiff while she was off from work. Defendants appeal by leave granted.

The first issue for our consideration is whether the WCAB erred in finding plaintiff's injury arose out of and in the course of her employment.

Plaintiff asserted that her injury arose out of and in the course of her employment as she was within the zone, environments and hazards of her work at the time of her fall. Alternatively, plaintiff asserted that her injury arose out of and in the course of her employment as she was carrying work materials at the time of her fall.

The WCAB found that plaintiff was within the zone, environments and hazards of her work at the time of her fall. It did not render a finding as to whether the dual purpose rule applied, that is, whether her injury arose out of and in the course of her employment because she was carrying work materials with her. We will first address the question of whether plaintiff was within the zone, environments and hazards of her work at the time of her fall.

MCL 418.301(1); MSA 17.237(301)(1) limits com-

pensation under the Worker's Disability Compensation Act to employees receiving personal injuries "arising out of and in the course of" their employment. MCL 418.301(2); MSA 17.237(301)(2) then provided:

"Every employee going to or from his work while on the premises where his work is to be performed, and within a reasonable time before and after his working hours, shall be presumed to be in the course of his employment."

The subsection was added to the act by 1954 PA 175.

Literally applied, MCL 418.301(1); MSA 17.237(301)(1) requires that an injury occur on the employer's premises to be compensable. However, the definition of the word "premises" has been expanded by case law. In *Lasiewicki v Tusco Products Co,* 372 Mich 15; 125 NW2d 479 (1963), a portion of city-owned property used and maintained by the employer as a parking lot for its employees was determined to be part of its premises. In *Jean v Chrysler Corp,* 2 Mich App 564; 140 NW2d 756 (1966), compensation was awarded to an employee who was injured on a public roadway lying between the employer leased parking area and the employer's place of business. *Lasiewicki* and *Jean, supra,* quoted with approval the language of *Hills v Blair,* 182 Mich 20, 27; 148 NW 243 (1914), that:

"A workman might be on the premises of another than his employer, or in a public place, and yet be so close to the scene of his labor, within its zone, environments, and hazards, as to be in effect at the place and under the protection of the act."

The zone, environments and hazards principle was also employed to extend the reach of MCL 418.301(1); MSA 17.237(301)(1) in *Fischer v Lincoln Tool & Die Co,* 37 Mich App 198; 194 NW2d 476 (1971), *lv den* 387 Mich 755 (1972). In *Fischer,* compensation was awarded to a plaintiff injured on a public sidewalk abutting his employer's property. Plaintiff had parked his automobile across the street from the employer's place of business and was on his way to work. The employer did not provide parking facilities for the employees. The *Fischer* Court concluded:

"From an analysis of the present case law we conclude that 'zone, environments and hazards' is substantially what is meant by the word 'premises' as contained in the workmen's compensation act.

"From the above, we can conclude that an employee is protected by the act when he is within said 'zone, environments, and hazards', while arriving at, departing from, or during the time of his employment by travelling his usual, customary and direct route.

"The appellee herein qualifies under the above rule as he was injured on the icy sidewalk abutting his employer's place of business. This was the conclusion of the appeal board below, which we now affirm." 37 Mich App 203.

However, in *Tedford v Stouffer's Northland Inn,* 106 Mich App 493; 308 NW2d 254 (1981), this Court refused to further extend the premises concept. In *Tedford,* plaintiff, a maid at Stouffer's Inn, was injured as she walked across a parking lot from her bus stop to the inn. The parking lot was not part of the employer's premises. Sidewalks were available, but the path across the parking lot was the most direct. In denying compensation, the Court stated:

"Plaintiff seeks a further relaxation of the premises

limitation. The present situation is otherwise distinguishable from the earlier cases. There is no claim here that defendant owned, leased or maintained the parking lot where the injury took place. Defendant had no control over the route Mrs. Tedford walked from the bus stop or, for that matter, over where the bus stop itself was located. The injury did not take place while Mrs. Tedford traversed between two separate areas under the hotel's control." 106 Mich App 499-500.

The Court then distinguished *Fischer* and stated that the *Fischer* decision has been criticized for bootstrapping successive factual situations onto one another under the guise of liberally interpreting the compensation statute and, thus, avoiding line drawing to the detriment of the sound and efficient administration of the compensation apparatus. The Court quoted extensively from 1 Larson, Workmen's Compensation Law, § 15.12, p 4-8 to 4-10. Further, the Court stated:

"The implicit trend in this manner of decision-making is a steady dilution of the legislative limitations on compensation. The Supreme Court has specifically disapproved of such judicial 'reform' of the compensation act. *[McClure v General Motors Corp (On Rehearing),* 408 Mich 191, 204; 289 NW2d 631 (1980).]* While the statutory coming-and-going rule does not directly limit coverage to on-premises injuries, *id.,* 222-223 (LEVIN, J., *concurring),* it must be remembered that the rule is an exception to the basic requirement that compensable injuries arise out of and in the course of the employment. Off-premises injuries should only be compensated when they satisfy that test or occur in circumstances which logically justify an expansion of the premises concept. In *Lasiewicki,* such an expansion was justified by the fact that the parking area, though publicly owned, was under the control of the employer. Likewise, in *Jean,* the employer *created* the necessity of traversing the highway by providing a parking lot so separated from the workplace. Here the defendant did

not designate or control the plaintiff's route to or from work.

"We are not convinced that off-premises injuries should be compensated merely because the employee is in the process of arriving at the workplace by travelling his or her usual, customary and direct route. We do not believe that the 'zones, environments and hazards' test of *Hills* and *Lasiewicki* was originally intended to permit such a result. In the present situation, defendant had no control over or responsibility for the route taken by plaintiff or the condition of the parking lot in question. There is no logical justification for expanding the premises concept to this situation." 106 Mich App 502-503.

In the instant case, there is no claim that defendant owned or maintained the parking structure, that West Lafayette Boulevard is other than a public roadway or that defendant had control over the route which plaintiff travelled. Accordingly, on the basis of *Tedford,* we conclude that plaintiff was not within the zone, environments and hazards of her work at the time of her fall.

As to the issue of whether the dual purpose rule applies, we find that this case must be remanded to the WCAB for its determination. There was considerable conflicting testimony as to plaintiff's taking work home. The WCAB did not make findings of fact regarding this issue nor did it render a decision as to whether the dual purpose rule applied.

The last issue for our determination is whether defendants are entitled to credit against compensation for wage continuation payments made to plaintiff. Our determination as to this issue will only be relevant if on remand the WCAB finds that the dual purpose rule applies and awards compensation to plaintiff.

The WCAB found that MCL 418.811; MSA

17.237(811) prohibits consideration of wage continuation payments when computing the accrued compensation owing. Therefore, defendants were denied credit for wage continuation benefits paid to plaintiff.

This is an issue of first impression in Michigan. MCL 418.811; MSA 17.237(811) provides:

"No savings or insurance of the injured employee, nor any contribution made by him to any benefit fund or protective association independent of this act, shall be taken into consideration in determining the compensation to be paid hereunder nor shall benefits derived from any other source than those paid or caused to be paid by the employer as provided in this act, be considered in fixing the compensation under this act, except as provided in section 161 and section 359."

On two occasions, our appellate courts have interpreted § 811. In *Stanley v Hinchliffe & Kenner,* 395 Mich 645; 238 NW2d 13 (1976), *reh den* 396 Mich 976 (1976), the Michigan Supreme Court held that a workers' compensation award received by a claimant in California was required to be credited against an award received under the Michigan Worker's Disability Compensation Act for the same injury. In *Farmer v Chrysler Corp, McGraw Glass Plant (On Remand),* 72 Mich App 616; 250 NW2d 756 (1976), this Court held that black lung benefits received under the federal act (30 USCA 901 *et seq.)* by a claimant who had worked as a coal miner in Kentucky prior to obtaining employment in Michigan were not required to be offset from a Michigan workers' compensation award. The Court noted that to allow such setoff would result in no federal benefits to claimant who would, thus, be penalized with double setoff.

We find neither of these cases applicable to the present case. Here, plaintiff, as an employee of more than ten years, was entitled to certain wage continuation benefits during periods of illness as part of her employee benefit package. Plaintiff was entitled to receive her full wages for the first 12 weeks and half wages for the subsequent 10 weeks. We do not think that these benefits were "benefits * * * paid by the employer as provided in [the] act" pursuant to § 811.

In his treatise on workers' compensation, Professor Larson notes that, as a general rule, with regard to private pensions or health and accident insurance, whether provided by the employer, union or the individual's own purchase, there is "ordinarily no occasion for reduction of compensation benefits". See 4 Larson, Workmen's Compensation Law, § 97.51. Several cases from other jurisdictions are noted by Professor Larson in which courts have refused to credit a compensation award with sick leave benefits paid. *Kaupp v New Orleans,* 248 So 2d 99 (La App, 1971), *Beatrice Foods Co v Clemons,* 54 Ala App 150; 306 So 2d 18 (1975), *Brown v S S Kresge Co, Inc,* 305 So 2d 191 (Fla, 1974), *Simpson v Workmen's Compensation Appeal Board,* 48 Pa Commw 51; 408 A2d 1186 (1979).

In the present case, absent her injury, plaintiff's sick leave would have been available for other purposes. Since these benefits are unrelated to workers' compensation benefits required by the act, defendants are entitled to no credit.

Reversed in part, affirmed in part and remanded.