## UPTON v GENERAL MOTORS CORPORATION

Docket No. 62564. Submitted December 13, 1982, at Lansing.—Decided March 9, 1983. Leave to appeal denied, 417 Mich 1100.12.

Leonard E. Upton, an employee of Oldsmobile Division, General Motors Corporation, was injured when his automobile was struck in the side by another automobile as Upton was making a left-hand turn into the driveway of the Oldsmobile plant where he worked. Upton was rendered totally and permanently disabled as a result of the injuries he sustained in the accident. His wife and guardian filed a petition for hearing with the Bureau of Workers' Disability Compensation on behalf of Upton. The hearing referee who heard the case found that Upton was within the course of his employment at the time of the accident because he was on the employer's premises and that Upton was totally and permanently disabled as a result of the accident. General Motors appealed the decision to the Workers' Compensation Appeal Board, which affirmed the findings of the referee but modified the benefits award so that it provided for payment of supplemental benefits. General Motors appeals by leave granted. *Held:*

The Court of Appeals has limited power to review a Workers' Compensation Appeal Board decision. Questions of law are reviewed to determine whether there is fraud and whether there is competent evidence in the record to support the findings of fact made by the appeal board. The decision of the appeal board was not erroneous as a matter of law.

Affirmed.

1. WORKERS' COMPENSATION — APPEAL.

The Court of Appeals has limited jurisdiction in the review of decisions of the Workers' Compensation Appeal Board; those decisions are reviewed to determine whether fraud exists and whether there is competent evidence in the record to support

REFERENCES FOR POINTS IN HEADNOTES
[1] 82 Am Jur 2d, Workmen's Compensation §§ 613, 638.
[2] 82 Am Jur 2d, Workmen's Compensation § 255.
[3] 82 Am Jur 2d, Workmen's Compensation § 246.
[4] 82 Am Jur 2d, Workmen's Compensation §§ 250, 272.

the findings of fact made by the appeal board (Const 1963, art 6, § 28; MCL 418.861; MSA 17.237[861]).

2. WORKERS' COMPENSATION — COURSE OF EMPLOYMENT — "COMING AND GOING" PROVISION.

Compensation under the Worker's Disability Compensation Act is limited to employees who receive personal injury arising out of and in the course of their employment; this rule is supplemented by the "coming and going" provision which, in effect, states that every employee going to or from his work while on the premises where his work is to be performed, and within a reasonable time before and after his working hours, shall be presumed to be in the course of his employment; however, injuries incurred exclusively in the pursuit of a social or recreational activity are not covered (MCL 418.301[3]; MSA 17.237[301][3]).

3. WORKERS' COMPENSATION — PLACE OF EMPLOYMENT — ZONES, ENVIRONMENTS, AND HAZARDS.

A workman might be on the premises of another than his employer, or in a public place, and yet be so close to the scene of his labor, within its zone, environments, and hazards, as to be in effect at the place of employment and under the protection of the Worker's Disability Compensation Act (MCL 418.101 *et seq.;* MSA 17.237[101] *et seq.*).

4. WORKERS' COMPENSATION — AUTOMOBILE ACCIDENT INJURIES — OFF-PREMISES LUNCH — ON-PREMISES INJURY — WORKER'S DISABILITY COMPENSATION ACT.

Automobile accident injuries suffered by an employee on the employer's driveway while the employee was returning to work following an off-premises lunch break were within the "coming and going" provision of the Worker's Disability Compensation Act which was in effect on June 13, 1977, the time of the accident, and were compensable (MCL 418.301[2]; MSA 17.237[301][2], prior to amendment by 1980 PA 357).

*Frank J. DeLuca,* for plaintiff.

*Anderson, Green & Vincent, P.C.* (by *Richard J. Anderson),* for defendant.

Before: R. M. MAHER, P.J., and D. E. HOLBROOK, JR., and P. J. MARUTIAK,* JJ.

P. J. MARUTIAK, J. Defendant appeals by leave granted from a Workers' Compensation Appeal Board (WCAB) decision affirming and modifying the hearing referee's award of compensation benefits to plaintiff.

On June 13, 1977, plaintiff, an employee of defendant, was involved in an automobile accident as he was returning to work from lunch. Plaintiff was rendered totally and permanently disabled as a result of the injuries he sustained in the accident and, on March 12, 1979, plaintiff's wife and guardian, Elizabeth Upton, filed a petition for hearing with the Bureau of Workers' Disability Compensation on behalf of plaintiff. It was stipulated that the accident occurred at approximately 11:55 a.m. when plaintiff's automobile, which had been traveling eastbound on Saginaw Street in Lansing Township, Ingham County, was struck in the side by an automobile driven by Charles Fox as plaintiff made a left-hand turn into the driveway of defendant's plant. The accident occurred approximately five minutes before plaintiff's work shift was scheduled to resume. It was also stipulated that Mr. Fox received a traffic citation for speeding from the police officer who investigated the accident. The official traffic accident report was admitted as an exhibit at the hearing. According to defendant, the investigating officer found five bottles of beer, one can of beer, a sealed pint of peppermint schnapps, and a fifth of whiskey with the seal broken in plaintiff's automobile following the accident.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

In a decision dated July 17, 1979, the hearing referee ruled that:

"The physically infirm employee is found to have been within the course of his employment at 11:55 a.m.—6/13/77 because he was on the premises of his employer (under § 418.301[2] of the Worker's Disability Act). Further, plaintiff is totally and permanently disabled under the act."

Defendant subsequently appealed the decision and the WCAB affirmed, modifying the award so that it provided for payment of supplemental benefits. This Court granted defendant leave to appeal.

This Court's review of a WCAB decision is limited. We review questions of law determining whether there is fraud and determining whether there is competent evidence in the record to support the findings of fact made by the appeal board. Const 1963, art 6, § 28; MCL 418.861; MSA 17.237(861); *Aquilina v General Motors Corp,* 403 Mich 206; 267 NW2d 923 (1978).

Compensation under the Worker's Disability Compensation Act, MCL 418.101 *et seq.;* MSA 17.237(101) *et seq.,* is limited to employees who receive personal injury arising out of and in the course of their employment. This rule is supplemented by the statute's "coming and going" provision which, at the time of plaintiff's injuries, stated:

"Every employee going to or from his work while on the premises where his work is to be performed, and within a reasonable time before and after his working hours, shall be presumed to be in the course of his employment." (MCL 418.301[2]; MSA 17.237[301][2], amended by 1980 PA 357, effective January 1, 1982. Now MCL 418.301[3]; MSA 17.237[301][3]).

Because the above provision was in effect at the time of plaintiff's injury, it controls the disposition of this case.

Literally applied, the coming-and-going provision requires that the injury occur on the employer's premises in order to qualify the employee for the presumption afforded in the provision. *Torres v Armond Cassil Co,* 115 Mich App 690, 694; 321 NW2d 776 (1982); *Tedford v Stouffer's Northland Inn,* 106 Mich App 493, 496; 308 NW2d 254 (1981), *lv den* 412 Mich 928 (1982). However, the meaning of the word "premises" as a limitation has been gradually eroded by case law. In *Lasiewicki v Tusco Products Co,* 372 Mich 125; 125 NW2d 479 (1963), the employee was injured when she slipped and fell in a parking lot while walking to work. The parking lot was located near the employer's building and was maintained by the employer. In affirming an award of compensation, the Supreme Court held that since the parking lot was used and maintained by the employer it constituted the employer's premises within the meaning of the coming-and-going provision. In reaching this decision, the Court relied on *Hills v Blair,* 182 Mich 20, 27; 148 NW 243 (1914), where the Court stated:

"A workman might be on the premises of another than his employer, or in the public place, and yet be so close to the scene of his labor, within its zone, environments, and hazards, as to be in effect at the place and under the protection of the act * * *."

The Court's "zones, environments and hazards" principle was applied by this Court in *Jean v Chrysler Corp,* 2 Mich App 564; 140 NW2d 756 (1966), and *Hicks v General Motors Corp,* 66 Mich App 38; 238 NW2d 194 (1975).

In the case at bar, the WCAB stated that the import of these cases is that:

"once the employee is brought within the 'zone, environment and hazards of employment', including turning into the employer's driveway for purposes of returning to work from lunch or arriving at or leaving work, he falls within the presumption of § 301(2)."

The defendant argues that these cases are distinguishable from the present case because they do not involve lunchtime injuries and that the plaintiff is not entitled to benefits under the Supreme Court's opinion in *McClure v General Motors Corp (On Rehearing),* 408 Mich 191; 289 NW2d 631 (1980). The Court in *McClure* held that employee injuries occurring off the employer's premises during the lunch hour are not compensable. The plaintiff in *McClure* was the widow of an employee who was killed when he was hit by an automobile while crossing a busy street between the employer's building and a bar, where he intended to have lunch. Justice RYAN, writing for the plurality, characterized "off premises" injuries suffered by workers during lunchtime activities of a purely personal character to be occurrences never intended by the Legislature to be compensable under the act. He further declined to continue the ongoing dilution of the legislative requirement that, as a condition of compensability, an employee's injury must be suffered out of and in the course of his employment.

Justice LEVIN, in a separate opinion, held the employee's injuries to be noncompensable. Justice LEVIN discussed the merits of distinguishing between off-premises and on-premises lunchtime injuries. He states:

"A line must be drawn at some point. The premises line might be the appropriate cut-off. The work connection is at least apparent on the premises; administra-

tively, it is relatively easy to determine whether an injury occurred on or off the premises, the premises line is one which one can be certain has legislative approval; and, its rejection could extend liability disproportionately." (Footnotes omitted.) *McClure, supra,* pp 226-227.

In the present case, the WCAB ruled that defendant's reliance on *McClure, supra,* was misplaced because the plaintiff's injuries occurred on the defendant's premises. Defendant argues that it creates an absurd result to award compensation in the present case merely because Mr. Fox's vehicle swerved and struck plaintiff's vehicle in the driveway of defendant's plant rather than the public street where, under *McClure,* the injury would not be compensable.

We agree that defendant's reliance on *McClure* is misplaced. The Supreme Court in *McClure* placed no limitation on an employee's eligibility for compensation benefits arising out of on-premises lunchtime injuries. Although it may be arbitrary to rule that an employee injured within the employer's gate during lunchtime sustains a compensable injury while another employee, also on his lunch break and injured several feet away but outside the employer's premises, sustains a noncompensable injury, that is the result dictated by *McClure* and earlier case law. As Justice LEVIN observed: "A line must be drawn at some point."

The WCAB's decision was not erroneous as a matter of law.

Affirmed.