## OWEN v CHRYSLER CORPORATION

Docket No. 77415. Submitted February 13, 1985, at Detroit.—Decided May 21, 1985. Leave to appeal applied for.

Robert L. Owen, an employee of Chrysler Corporation, died of a heart attack while attempting to extricate his pickup truck from a snowbank. He was attempting to move the truck so that he could drive his car into his garage in order to load a suitcase into the trunk of the car so that he could drive to Metropolitan Airport to catch a flight to Pennsylvania in connection with his work. Margaret A. Owen, Robert's widow, filed a claim for disability benefits with the Bureau of Worker's Disability Compensation. A hearing referee ruled that Mrs. Owen was entitled to compensation benefits. Chrysler Corporation appealed that ruling to the Workers' Compensation Appeal Board, which affirmed. Chrysler then sought leave to appeal to the Court of Appeals. Leave was granted. *Held:*

Generally, injuries sustained by an employee going to and from work are not compensable. However, an exception to that rule exists where the employee is on a special mission for the benefit of his employer. While traveling to the airport was part of decedent's special mission and any injury suffered during that journey would have been compensable, moving the car into the garage to place a suitcase in the car was at most preparation for the eventuality of travel. The activity was not within the scope of the special mission so as to support an award of compensation.

Reversed.

1. WORKERS' COMPENSATION — WORKERS' COMPENSATION APPEAL
   BOARD — APPEAL.

   Review of decisions of the Workers' Compensation Appeal Board is limited to questions of law; factual findings by the board are conclusive in the absence of fraud if there is any competent evidence to support them.

REFERENCES FOR POINTS IN HEADNOTES

[1] 82 Am Jur 2d, Workmen's Compensation §§ 547, 613 *et seq.,* 635-637.

[2] 82 Am Jur 2d, Workmen's Compensation § 240 *et seq.*

[3] 82 Am Jur 2d, Workmen's Compensation § 275 *et seq.*

2. WORKERS' COMPENSATION — COMPENSABLE INJURIES — COURSE OF EMPLOYMENT.

An employee's injury, in order to be compensable under the Worker's Disability Compensation Act, must arise out of and in the course of the employee's employment (MCL 418.301[1]; MSA 17.237[301][1]).

3. WORKERS' COMPENSATION — COMPENSABLE INJURIES — SPECIAL MISSIONS.

Injuries sustained by an employee while going to or from work are generally not compensable under the Worker's Disability Compensation Act; however, an exception to that rule exists where the employee is on a special mission for the benefit of his employer.

*John J. Fitzgerald,* for plaintiff.

*Lacey & Jones* (by *Gerald M. Marcinkoski),* for defendant.

Before: V. J. BRENNAN, P.J., and CYNAR and J. W. FITZGERALD,* JJ.

PER CURIAM. Margaret A. Owen's husband, Robert L. Owen, died of a heart attack on February 4, 1979. Plaintiff filed a claim for disability compensation. After an administrative hearing the hearing referee ruled that the plaintiff was entitled to compensation. Defendant appealed to the Worker's Compensation Appeal Board. The WCAB affirmed the decision of the referee. Defendant applied for leave to appeal to this Court. Leave was granted on September 18, 1984. We reverse.

The WCAB made the following findings of fact. The decedent was required to travel as part of his employment at Chrysler Corporation. He was scheduled to drive from his home in Metamora to Metropolitan Airport and depart on a 3:15 p.m. flight to Lebanon, Pennsylvania. The weather was

* Retired Supreme Court justice, sitting on the Court of Appeals by assignment.

very bad; conditions were "blizzard-like" and the wind-chill factor was 25 degrees below zero. Owen decided to get an early start; under clear weather conditions it would take an hour and a half to get to the airport. Between 10:00 a.m. and 10:15 a.m. he went outside and was preparing to move his car into his garage in order to load his suitcase. In order to do this, Owen had to move the family's truck which was parked in front of the car. The truck was stuck in a snowbank. The decedent and his wife shoveled out snow and attempted to push the truck. Decedent suffered an acute myocardial infarction and died while attempting to extricate the truck from the snow.

The WCAB found that decedent had a history of heart problems. A doctor testified that the exertion that morning contributed to decedent's heart attack. The WCAB found that moving the car in order to load it was part of decedent's special mission for his employer and, therefore, that decedent's injury arose out of and in the course of his employment. The WCAB affirmed the decision of the referee.

The issue in this case is whether the WCAB erred in concluding that the death occurred in the course of decedent's employment. Review of WCAB decisions is limited to questions of law; factual findings by the WCAB are conclusive in the absence of fraud if there is any competent evidence to support them. *Jones v TRW, Inc,* 139 Mich App 751; 362 NW2d 801 (1984); *Upton v General Motors Corp,* 124 Mich App 61; 333 NW2d 384 (1983), *lv den* 417 Mich 1100.12 (1983). This Court may, however, review the WCAB's resolution of questions of law. *Jones, supra.*

In order to be compensable, an employee's injury must arise out of and be in the course of the employee's employment. MCL 418.301(1); MSA

17.237(301)(1). Generally, injuries sustained while an employee is going to and from work are not compensable. *Denny v Kostadinovski,* 117 Mich App 517; 324 NW2d 19 (1981). An exception to this rule is that compensation may be awarded where the employee is on a "special mission" for the benefit of the employer. *Jones, supra.* The question is whether the decedent had embarked on his special mission when he suffered his injury.

In *Bush v Parmenter, Forsythe, Rude & Dethmers,* 413 Mich 444, 452; 320 NW2d 858 (1982), the Michigan Supreme Court stated:

"When an employee, having identifiable time and space limits on his employment, makes an off-premises journey which would normally not be covered under the usual going and coming rule, the journey may be brought within the course of employment by the fact that the trouble and time of making the journey, or the special inconvenience, hazard, or urgency of making it in the particular circumstances, is itself sufficiently substantial to be viewed as an integral part of the service itself. 1 Larson, Workmen's Compensation Law, § 16.10, p 4-123 (footnotes omitted)."

In *Ream v L E Myers Co,* 72 Mich App 238; 249 NW2d 372 (1976), this Court upheld an award by the WCAB where the employee was injured while traveling on a special assignment for his employer. *Ream* is like the case at bar. The trip was outside the normal performance of the decedent's duties and was clearly of special benefit to the employer. Traveling to the airport was part of the special mission and thus the injury suffered during the trip was compensable.

We must still decide when the decedent's special mission commenced. The factors considered in deciding if the preparatory acts fall within the scope of a special mission should be viewed liberally in

light of the remedial nature of the workers' compensation scheme.

We do not agree with defendant's contention that the identifiable point in time and space when and where decedent's special mission commenced was the Northwest Airlines parking lot.

Plaintiff contends that the decedent had commenced his special mission when he and plaintiff were attempting to move the family truck, standing between his car and the garage, to enable the car to be driven into the garage. The purpose of driving the car into the garage was to place his suitcase in the car.

In our opinion moving the car into the garage for purposes of placing a suitcase in the car was at most preparation for the eventuality of travel. The activity was not within the scope of the special mission so as to support an award of compensation.

The decision of the WCAB is reversed.