SMITH v GREENVILLE PRODUCTS COMPANY

Docket No. 119090. Submitted April 10, 1990, at Lansing. Decided September 17, 1990. Leave to appeal applied for.

James Smith, an employee of Greenville Products Company, was struck by an automobile while crossing a public street on his way to work from the parking lot provided by his employer. Smith sought, but was denied, workers' compensation benefits after the Workers' Compensation Appeal Board determined that Smith's injury was not sustained in the course of employment. The Court of Appeals denied Smith's application for leave to appeal. The Supreme Court, in lieu of granting leave to appeal, remanded the matter to the Court of Appeals for consideration as on leave granted. 432 Mich 930 (1989).

The Court of Appeals held:

As a general rule, injuries suffered by an employee while going to or coming from work are not compensable. However, MCL 418.301(3); MSA 17.237(301)(3) provides that an employee going to or from his work, while on the premises where his work is to be performed, and within a reasonable time before and after his working hours, is presumed to be in the course of his employment. For purposes of § 301(3), an employer's premises may, as in this case, encompass areas which are outside the employer's actual property but within the zone, environments and hazards of the employee's labor.

Reversed and remanded.

MacKenzie, J., dissented and would affirm the appeal board, opining that the premises exception of § 301(3) should not be expanded to include off-premises areas of injury over which an employer has no control.

Workers' Compensation — Course of Employment — Going to or from Work.

The word "premises," as used in the statute which provides that an employee going to or from his work while on the premises

References

Am Jur 2d, Workmen's Compensation § 268.

See the Index to Annotations under Automobiles and Highway Traffic; Parking Lots and Parking Garages; Workers' Compensation.

where the work is to be performed and within a reasonable time before and after working hours is presumed to be in the course of his employment, means that area within the zone, environments or hazards of the employee's labor; accordingly, an employee who sustains injury when struck by an automobile while crossing a public street on his way to his place of employment from a parking lot provided by his employer is presumed to have sustained injury in the course of employment (MCL 418.301[3]; MSA 17.237[301][3]).

*William G. Reamon,* for plaintiff.

*Clary, Nantz, Wood, Hoffius, Rankin & Cooper* (by *Charles F. Grzanka*), for defendant.

Before: REILLY, P.J., and MacKENZIE and SULLIVAN, JJ.

SULLIVAN, J. On remand from the Supreme Court for consideration as on leave granted, 432 Mich 930 (1989), plaintiff appeals from an opinion and order of the Workers' Compensation Appeal Board denying disability compensation. We reverse and remand.

Plaintiff, an hourly employee of defendant, was struck by an automobile while crossing a public street on his way to work. Defendant provided parking for its employees in a lot situated on the south side of an east-west street. The street dead-ends at defendant's plant. The salaried employees' parking area was immediately to the east of defendant's plant. The hourly employees' parking area was, in turn, located immediately to the east of the salaried employees' parking area. On the morning of February 8, 1980, plaintiff parked his car in the hourly employees' parking area. He then left the lot intending to walk to the plant along a sidewalk on the opposite (north) side of the street from the parking area. As noted, plaintiff was struck while crossing the street.

The appeal board concluded that plaintiff's injury did not occur in the course of his employment because plaintiff left defendant's "protected zone" when he crossed the street and because defendant did not control the route plaintiff traveled to work. We disagree.

The general rule is that injuries suffered by an employee while going to or coming from work are not compensable. *Bush v Parmenter, Forsythe, Rude & Dethmers*, 413 Mich 444, 451; 320 NW2d 858 (1982); *Thomas v Staff Builders Health Care*, 168 Mich App 127, 129; 424 NW2d 13 (1988), lv den 430 Mich 886 (1988). This general rule is supplemented by MCL 418.301(3); MSA 17.237(301) (3) [formerly MCL 418.301(2); MSA 17.237(301)(2)], which provides in relevant part:

> An employee going to or from his or her work, while on the premises where the employee's work is to be performed, and within a reasonable time before and after his working hours, is presumed to be in the course of his or her employment.

This provision, when read literally, requires that the injury occur on the employer's *premises* to give rise to the presumption. *Upton v General Motors Corp*, 124 Mich App 61, 65; 333 NW2d 384 (1983), lv den 417 Mich 1100.12 (1983). Nevertheless, cases decided by this Court in the 1960s and 1970s expanded the meaning of "premises" to encompass areas outside the employer's actual property. *Upton, supra; Fischer v Lincoln Tool & Die Co*, 37 Mich App 198, 202; 194 NW2d 476 (1971), lv den 387 Mich 755 (1972).

When plaintiff's accident occurred, he was within the zone, environments and hazards of his labor and, therefore, was presumed to be in the course of his employment under the coming-and-

going provision at issue, MCL 418.301(3); MSA 17.237(301)(3). In discussing a coming-and-going provision virtually identical to the one at issue in this case, our Supreme Court in *Lasiewicki v Tusco Products Co,* 372 Mich 125, 131; 125 NW2d 479 (1963), quoted a pertinent "important principle" from *Hills v Blair,* 182 Mich 20, 27; 148 NW 243 (1914), an early case in which the Court construed the language "arising out of and in the course of employment" relative to place of injury:

> "In applying the general rule that the period of going to and returning from work is not covered by the act, it is held that the employment is not limited by the exact time when the workman reaches the scene of his labor and begins it, nor when he ceases, but includes a reasonable time, space, and opportunity before and after, while he is at or near his place of employment. One of the tests sometimes applied is whether the workman is still on the premises of his employer. This, while often a helpful consideration, is by no means conclusive. *A workman might be on the premises of another than his employer, or in a public place, and yet be so close to the scene of his labor, within its zone, environments, and hazards, as to be in effect at the place and under the protection of the act.*" (Emphasis supplied.)

Quoted in *Hills v Blair, supra,* as authority for the proposition above stated, is [one] of the earlier authorities from English compensation law, a progenitor of the Michigan statute. In *Hoskins v Lancaster,* 3 BWCC 476, 480, it was held (26 TLR 612):

> "It is not a sufficient test that the workman should be on the premises of the employer; but it may be sufficient that he is in such a state of proximity as may be treated as a reasonable margin in point of space."

Relying in part on the language quoted above, a

panel of this Court later held that an employee injured while crossing a highway on his way from his employer's factory to an employer-leased parking lot for employees fell within the language of the pertinent coming-and-going provision. *Jean v Chrysler Corp*, 2 Mich App 564; 140 NW2d 756 (1966). Reaching the employee parking lot after his shift was over, with no unwarranted lapse of time, was a "necessary adjunct of the [employee's] employment." *Id.*, p 570. *Jean* was good law then. It is good law today. Also see *Adair v Metropolitan Building Co*, 38 Mich App 393; 196 NW2d 335 (1972).

Nor does the case of *McClure v General Motors Corp (On Rehearing)*, 408 Mich 191; 289 NW2d 631 (1980), reh den 408 Mich 1109 (1980), compel a different result. In *McClure*, the question was whether injuries suffered off the employer's premises at lunch hour were compensable. A majority of the Supreme Court declined to extend the workers' compensation act to injuries suffered any place in which the employee may be during the work day. A plurality opinion, warning against expansion of workers' compensation coverage by judicial decision, held that, although it may have been a "circumstance" of the plaintiffs' employment that they had been injured off-premises during lunch hour, the Legislature has not yet seen fit to provide compensation for off-premises activity of a personal character. *Id.*, p 207. Although plaintiff here had another route to defendant's plant which would not require him to cross the street, we do not believe that he was engaged in an activity of a personal character when he was crossing the street.

Panels of this Court have been reluctant to extend the meaning of the word "premises" in MCL 418.301(3); MSA 17.237(301)(3). See, e.g.,

*Denny v Kostadinovski,* 117 Mich App 517; 324 NW2d 19 (1981). Although we understand that reluctance, we do not believe that we should mount a retreat from established law. While we should not be enslaved to precedent, it would be well to remember what was written in *Mahnich v Southern Steamship Co,* 321 US 96, 113; 64 S Ct 455; 88 L Ed 561 (1944):

> The tendency to disregard precedents . . . has become so strong [as] . . . to shake confidence in the consistency of decision and leave the courts below on an uncharted sea of doubt . . . without any confidence that what was said yesterday will hold good tomorrow.

Accordingly, we reverse the appeal board's conclusion that plaintiff's injury did not occur in the course of his employment. This case is remanded to the appeal board to resolve the two-member board's split over whether plaintiff was disabled. MCL 418.261(2); MSA 17.237(261)(2).

Reversed and remanded. We do not retain jurisdiction.

REILLY, P.J., concurred.

MacKENZIE, J. *(dissenting.)* I would affirm the decision of the Workers' Compensation Appeal Board.

As noted by the majority, the general rule is that injuries suffered by an employee while going to or coming from work are not compensable. *Bush v Parmenter, Forsythe, Rude & Dethmers,* 413 Mich 444, 451; 320 NW2d 858 (1982); *Thomas v Staff Builders Health Care,* 168 Mich App 127, 129; 424 NW2d 13 (1988), lv den 430 Mich 886 (1988). MCL 418.301(3); MSA 17.237(301)(3) [formerly MCL 418.301(2); MSA 17.237(301)(2)] creates

an exception to this general rule when the employee's injury occurs on the employer's "premises":

> An employee going to or from his or her work, *while on the premises where the employee's work is to be performed,* and within a reasonable time before and after his working hours, is presumed to be in the course of his or her employment. [Emphasis added.]

While earlier cases relied on by the majority expanded the meaning of "premises" to encompass areas outside the employer's actual property, since *McClure v General Motors Corp (On Rehearing),* 408 Mich 191; 289 NW2d 631 (1980), this Court has been reluctant to extend the meaning of the word "premises" in MCL 418.301(3); MSA 17.237(301)(3) to include off-premises areas of injury such as that involved here. I am of the opinion that these post-*McClure* cases should control the disposition of this case.

In *Tedford v Stouffer's Northland Inn,* 106 Mich App 493; 308 NW2d 254 (1981), lv den 412 Mich 928 (1982), the plaintiff had alighted from a bus and was walking to work across a parking lot that was not part of the defendant's premises when she fell and was injured. The appeal board applied the "zone, environments and hazards" test of *Fischer v Lincoln Tool & Die Co,* 37 Mich App 198; 194 NW2d 476 (1971), lv den 387 Mich 755 (1972), and granted compensation. This Court reversed, noting that the premises rule is in the nature of a limitation and quoting *McClure's* warning against judicial dilution of legislative limitations on compensation. *Tedford, supra* at 500-502. This Court held that, because the defendant had no control over plaintiff's route or the condition of the parking lot where she fell, there was no logical justification for

expanding the premises exception to the general rule of no compensation. *Id.* at 503.

Likewise, in *Denny v Kostadinovski,* 117 Mich App 517; 324 NW2d 19 (1981), the plaintiff slipped and fell in a public alley while on her way home from work. *Id.* at 518. The plaintiff was injured at a point ten to twenty feet from her workplace. *Id.* This Court cited the leading pre-*McClure* cases but distinguished them on the ground that the plaintiff was not crossing between areas controlled by the defendants nor was the alleyway controlled by the defendants. *Id.* at 521. The *Denny* Court concluded that the "zone, environments and hazards" test only applies to particular situations "where the employer has held out to employees designated parking areas and adjacent unowned property to be traveled over." *Id.* at 521. The plaintiff's injuries thus did not occur in the course of her employment, and the award of compensation was reversed. *Id.*

In *Beneteau v Detroit Free Press,* 117 Mich App 253; 323 NW2d 498 (1982), the plaintiff was struck by a car in a public street while walking from a parking structure to her workplace. *Id.* at 254. There was no claim that defendant owned or controlled the parking structure, that the street was anything other than a public road, or that the defendant had control over the route which the plaintiff traveled. *Id.* at 259. This Court concluded on the basis of *Tedford* that the plaintiff was not within the "zone, environments and hazards" of her work at the time of injury. *Id.*

Finally, in *Upton v General Motors Corp,* 124 Mich App 61; 333 NW2d 384 (1983), lv den 417 Mich 1100.12 (1983), the plaintiff was injured when his automobile was struck by another as he turned into the driveway of his workplace. *Id.* at 63. This Court held that *McClure* placed no limita-

tion on compensation for injuries arising out of on-premises lunchtime injuries. *Id.* at 67. The defendant argued that *McClure* created an absurd result by awarding compensation merely because the plaintiff's automobile was struck in the driveway of the defendant's plant, rather than the public street, where, under *McClure,* the injury would not be compensable. *Id.* This Court noted:

> Although it may be arbitrary to rule that an employee injured within the employer's gate during lunchtime sustains a compensable injury while another employee, also on his lunch break and injured several feet away but outside the employer's premises, sustains a non-compensable injury, that is the result dictated by *McClure* and earlier case law. As Justice LEVIN observed: "A line must be drawn at some point." [124 Mich App 67.]

In this case, although plaintiff was traveling from one part of defendant's premises to another, defendant did not create a necessity that plaintiff involuntarily encounter traffic risks; there was evidence that plaintiff had two alternative routes available to him which did not involve crossing a public street. Defendant did not own or control the street where plaintiff was injured. There is no evidence that defendant had any control over the route plaintiff chose to take. In light of the *McClure* plurality's unwillingness to further expand the premises exception, the *McClure* concurrence's suggestion that an employee must be on the premises to qualify for workers' compensation coverage, and the plain language of MCL 418.301(3); MSA 17.237(301)(3), I would conclude that the appeal board did not err in determining that plaintiff was not entitled to compensation and would accordingly affirm.